**In re the MARRIAGE OF Susan Nalbone f/k/a Susan Mead, Appellee,**

**and**

**Michael MEAD, Appellant.**

**No. 87CA1032.**

Colorado Court of Appeals,
Div. III.

Nov. 10, 1988.

Ann B. Mygatt, Boulder, for appellee.

Sedlak & Vogel, P.C., Joseph A. Sedlak, III, Denver, for appellant.

TURSI, Judge.

Michael Mead (father) appeals an order entered by the district court which modifies his child support obligation. We vacate that order.

Susan Nalbone (mother) filed a motion with the district court seeking an increase in child support for the parties' two children. The motion was set for hearing before a referee. Father objected to the matter being heard by a referee and moved to have the matter transferred to the district court. His motion was denied by the referee.

Father then moved to have the referee's ruling reviewed by the district court. In its review of the motion, the district court concluded that father's motion had been interposed for purposes of delay and, on that basis, affirmed the referee's denial.

While the motion to review was pending before the district court, the modification hearing was held before a referee as scheduled. It was recommended by the referee that father's child support obligation be increased. The district court subsequently adopted and affirmed that recommendation.

Father contends that the referee lacked authority to hear the motion to increase child support. We agree.

Family law referees are empowered "to hear motions for temporary and permanent orders for the establishment and modification of child support." Section 13-5-301(3)(a), C.R.S. (1987 Repl.Vol. 6A). However, motions filed pursuant to the "Uniform Dissolution of Marriage Act," § 14-10-101, et seq., C.R.S. (1987 Repl.Vol. 6B), may not be heard by a referee unless the parties have consented or the matter is not contested. *See* § 13-5-301(3)(e)(VI), C.R.S. (1987 Repl.Vol.6A); C.R.R. 5(d)(5).

Modification of child support is governed by the "Uniform Dissolution of Marriage Act." *See* § 14-10-122, C.R.S. (1987 Repl. Vol. 6B).

C.R.R. 4(c) provides:

"When the exercise of authority by a referee in any proceeding is conditioned upon the consent of a party, such consent shall be executed by the party or the party's attorney of record, shall state specifically that the party has waived the right to proceed before a judge and shall be filed with the court...."

Since father objected to the hearing before the referee and no consent meeting these criteria was ever filed or executed by father, the referee had no authority to preside at the hearing, and his recommendation as adopted and affirmed by the district court must be vacated.

We decline to address the remaining contentions of error raised by father, as they may no longer be in issue when the matter is reheard.

The order granting an increase in child support is vacated and the cause is remanded for adjudication by a district court judge.

CRISWELL and JONES, JJ., concur.